UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

RONALD RICHARD JOHNSON and DEE LUNDBERG JOHNSON,

Case No. 00-CV-1281 (DWF/SRN)

Plaintiffs,

vs.

REPORT AND RECOMMENDATION

CITY OF SHOREWOOD; CITY OF MINNETONKA; RILEY-PURGATORY-BLUFF CREEK WATERSHED DISTRICT; TRIVESCO, a partnership; and its partners ROBERT H. MASON, INC., a corporation; HIGHLAND PROPERTIES, INC., a corporation; and STEINER AND KOPPELMAN, INC., a corporation; HIGHLAND VILLA BUILDERS, INC., a corporation; the UNITED STATES; the CORPS OF ENGINEERS OF THE UNITED STATES; the Secretary of the United States Army in his/her official capacity, HONORABLE LOUIS CALDERA or his successor; and the Commander-in-Chief of the Corps of Engineers of the United States in his/her official capacity, LT. GENERAL JOSEPH N. BALLARD or his successor,

Defendants.

---

Plaintiffs Ronald and Dee Johnson ("the Johnsons") began litigating issues related to this case ten years ago. The Johnsons originally claimed in Minnesota state court that Defendant City of Shorewood ("Shorewood") had taken the Johnsons' property without payment of just compensation. The Johnsons maintain, even after several state court proceedings, that they still have not received just compensation. This result, according to the Johnsons, occurred because a collection of municipal governments, real estate developers, and federal and state agencies participated in a conspiracy to deprive the Johnsons' of their legal rights. The United States and its agencies and officials named as Defendants (collectively "Federal Defendants") have moved to dismiss all claims

FILED MAY 03 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

against them. The two municipalities named as Defendants, Shorewood and the City of Minnetonka (collectively "Municipal Defendants"), each have moved for summary judgment on all claims against them. The Johnsons in turn have moved to amend their Complaint to include twenty additional defendants and several additional claims. For the reasons discussed below, the Court recommends that the claims against the Federal Defendants be DISMISSED, that the Municipal Defendants' motions for summary judgment be GRANTED in part, that the remaining claims against the Municipal Defendants be DISMISSED, and that the Johnsons' motion to amend be DENIED.

**I. Background**

The facts pertinent to the motions at issue are as follows. The Johnsons purchased approximately twenty acres of property within Shorewood in 1981. In 1984, Shorewood constructed a road and ponding area near the Johnsons' property with the consents of the U.S. Army Corps of Engineers and the Riley-Purgatory-Bluff Creek Watershed District. This project has caused flooding on the Johnsons' property since 1984. The Johnsons eventually brought suit against Shorewood in Minnesota state court, arguing that the flooding constituted a taking of their property compensable under the federal and state constitutions. The state court, in 1993, held that Shorewood's project resulted in a permanent physical taking of a certain portion of the Johnsons' property and that no regulatory taking took place. The state court accordingly issued a writ of mandamus compelling Shorewood to conduct eminent domain proceedings and to establish the compensation owed to the Johnsons. That result was affirmed on appeal. Johnson v. City of Shorewood, No. CX-93-2452 (Minn.Ct.App. May 11, 1994), review denied (Minn. July 15, 1994).

Shorewood complied with the state court's order and made a monetary award. The Johnsons returned to state court to challenge the amount of the award, and the Johnsons also attempted to challenge the scope of the taking defined in the first proceeding. The state court held that the Johnsons could not relitigate the scope of the taking, precluded the Johnsons from introducing evidence of other takings related to the flooding of their property, and adopted a jury finding that the flooding had not reduced the market value of the Johnsons' property. The result of the second proceeding also was affirmed on appeal in its entirety. City of Shorewood v. Johnson, No. C5-97-

1525 (Minn.Ct.App. April 21, 1998). A third state court case, this time against the City of Minnetonka, was dismissed without prejudice because the Johnsons had not joined parties who in the court's view were necessary to the litigation. No appeal was taken from that dismissal.

This case represents the Johnsons' attempt to cure the defects in the third state court case and bring claims against all necessary parties. Federal jurisdiction is predicated upon the presence of the United States as a defendant, 28 U.S.C. § 1346, and upon the assertion of federal statutory causes of action pursuant to 42 U.S.C. §§ 1983 and 1985. The Federal Defendants have moved to dismiss, inter alia, on jurisdictional grounds, and the Municipal Defendants have moved to dismiss, inter alia, on procedural grounds. The Court will address only the procedural and jurisdictional issues because they are dispositive and, thus, need not reach the merits of the claims.

**II. The Federal Defendants' Motion to Dismiss**

Although the Complaint does not clearly state the amount of damages the Johnsons seek from the Federal Defendants, the motion papers and statements at argument indicate that the Johnsons will request an amount greater than $10,000. This Court lacks subject matter jurisdiction over claims against the Federal Defendants for damages in that amount. 28 U.S.C. § 1346(a)(2). Exclusive jurisdiction over such claims is vested in the United States Court of Federal Claims, 28 U.S.C. § 1491(a)(1), even if the plaintiffs request equitable relief in addition to damages. V.S. Ltd. P'ship v. Dept. of Hous. and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). The district court, pursuant to 28 U.S.C. § 1631, has the authority to transfer claims properly before the Court of Federal Claims. However, the Johnsons have withdrawn their request for such a transfer, and in that circumstance, the most appropriate action is to dismiss the claims for damages against the Federal Defendants without prejudice[1]. V.S. Ltd. P'ship, 235 F.3d at 1113.

---

[1] Some of the allegations against the Federal Defendants could be construed as tortious and thus within the district court's jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2670 et seq. An FTCA claim, however, requires the denial of an administrative claim for relief with the appropriate federal agency prior to commencement of a district court action. Id. at § 2675(a). The Johnsons have submitted no evidence that the United States has denied relief for any claim cognizable under the FTCA.

The only claim against the Federal Defendants over which this Court arguably has jurisdiction is for a violation of the Freedom of Information Act, 5 U.S.C. § 552. The Johnsons allege that the Federal Defendants in 1993 failed to comply with their request for production of documents pursuant to the Freedom of Information Act, and money damages are not available for such a violation. Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993) (per curiam). Claims for violations of the Freedom of Information Act must be brought within six years of the violation. 28 U.S.C. § 2401(a). The Johnsons did not assert their Freedom of Information Act claim within the limitations period, and that claim accordingly should be dismissed with prejudice.

**III. The Municipal Defendants' Motions for Summary Judgment**

Defendants City of Shorewood and City of Minnetonka have moved for summary judgment on similar grounds. Both Municipal Defendants argue that the Johnsons' claims against them are procedurally barred. The Municipal Defendants' position is valid, at least with respect to the claims brought pursuant to 42 U.S.C. §§ 1983 and 1985.

42 U.S.C. § 1985 provides a cause of action for persons injured through a conspiracy to deprive them of a federally protected right or privilege. In response to a motion for summary judgment, a plaintiff relying upon this cause of action must produce evidence showing the existence of a "meeting of the minds of the alleged conspirators." Rouse v. Benson, 193 F.3d 936, 943 (8th Cir. 1999). This record contains a great deal of evidence, but it contains no evidence sufficient to support a finding of a conspiracy to violate any right the Johnsons may have under federal law. The affidavits submitted from former mayors of Shorewood, persons who presumably would be in a position to know of a conspiracy against the Johnsons, say nothing about an understanding between any of the Defendants concerning the Johnsons. The actions of the Defendants show no collective purpose, and the Johnsons' speculation concerning such a purpose does not allow the conspiracy claims against the municipalities to survive summary judgment.

The Johnsons have a cause of action under 42 U.S.C. § 1983 against any person who deprives them of a federally protected right under color of state law. The Johnsons' § 1983 claims based upon

the taking of their property[2], however, are barred because those claims either were fully litigated in the earlier state court proceedings or are not ripe because they have not been presented to the state court. With respect to the earlier state court proceedings, the state court judgment has the same effect in the federal courts as it would under Minnesota law. Lommen v. City of East Grand Forks, 97 F.3d 272, 274 (8th Cir. 1996). Minnesota law allows a defendant to invoke principles of collateral estoppel against a plaintiff who was a claimant in an earlier proceeding when the matter at issue is identical to that in a prior case, a final determination on the merits exists, and the plaintiff had a full opportunity to be heard in the prior case. Aufderhar v. Data Dispatch, Inc., 452 N.W.2d 648, 650 (Minn. 1990). The Johnsons complain that the state court litigation left them with nothing for the value of their land; however, the Johnsons cite no authority indicating that all takings are compensable regardless of the value of the property taken. The state court proceedings definitively established the extent of the physical taking, the lack of a regulatory taking, and the amount of damages to the Johnsons. All claims arising out of the state court litigation accordingly are barred under principles of collateral estoppel.[3]

With respect to any alleged takings occurring after the state court litigation, the Johnsons may assert claims for such takings in federal court only after exhausting available remedies in state court. McKenzie v. City of White Hall, 112 F.3d 313, 317 (8th Cir. 1997). Any claims for takings

---

[2] The record does not show the existence of any potential constitutional violation by the Municipal Defendants other than the alleged taking of the Johnsons' property without just compensation. Although the Johnsons have alleged violations of their procedural and substantive due process rights and of their right to equal protection of the laws, the Johnsons have pointed out no defects in the procedures available to them under state law, the Johnsons have not shown that any substantive right protected under the due process clause has been violated, and the Johnsons have not shown that the actions of the Defendants were arbitrary or capricious or in any other way violated their rights under the equal protection clause.

[3] The Johnsons contend that the state judgment is void based on frauds allegedly perpetrated on the state court and that this Court therefore need not recognize that judgment. As a general matter, however, a federal court may not declare that a state court judgment is void or otherwise undermine the state court's holding. Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000). If the Johnsons believe the state court judgment is void, they may apply to the state court for relief from the judgment pursuant to Minn.R.Civ.P. 60.02.

occurring subsequent to the state court litigation are not ripe because the Johnsons have neither attempted to obtain relief in state court nor shown that the procedures available in state court are inadequate. Id.

**IV. Supplemental Jurisdiction and the Johnsons' Motion to Amend**

A federal court has jurisdiction to hear state law claims arising from a case or controversy over which it otherwise has jurisdiction. 28 U.S.C. § 1367. The Johnsons have asserted a number of state law causes of action against both the Federal Defendants and the Municipal Defendants over which this Court could exercise jurisdiction, but this Court may dismiss such claims if it has dismissed all claims over which it has original jurisdiction. Id. at § 1367(c)(3). Most of the Johnsons' state law claims involve the adjudication of contract rights and other interests in real property, a process which is most appropriately handled in state rather than federal court. Given the other impediments to a federal action, including a preexisting state court judgment and a failure to exhaust state court remedies, a dismissal of the Johnsons' supplemental claims without prejudice is warranted.

The Johnsons' proposed amendments do not change this analysis. The only proposed new cause of action under federal law is for an infringement of the Johnsons' free speech rights. The Johnsons claim that the various Defendants threatened the Johnsons with prosecution and thereby interfered with the Johnsons' ability to communicate freely with the government. The Johnsons, however, do not allege that their ability to petition the government for redress of grievances in fact has been compromised, and the amount of past litigation related to this dispute demonstrates that the Johnsons were able to exercise all freedoms protected under the First Amendment. The other proposed amendments involve claims against the United States over which this Court lacks jurisdiction, unexhausted takings claims which are not ripe, and state law claims which would be available in a subsequent state court action. The Johnsons' motion to amend accordingly will be denied.

Based on the foregoing, and on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The Federal Defendants' Motion to Dismiss or for Summary Judgment (Docket No. 20) be GRANTED. All claims against the Federal Defendants with the exception of claims under the Freedom of Information Act should be DISMISSED without prejudice for want of jurisdiction, which lies exclusively in the United States Court of Federal Claims. The Freedom of Information Act claim also should be DISMISSED with prejudice based on the applicable statute of limitations.

2. The City of Shorewood's Motion for Summary Judgment (Docket No. 57) and the City of Minnetonka's Motion for Summary Judgment (Docket No. 46) be GRANTED in part. All claims arising from the prior state court litigation are barred by collateral estoppel and should be DISMISSED with prejudice. All remaining claims against the City of Shorewood and the City of Minnetonka either are unripe or are supplemental state law claims over which the Court should decline to exercise jurisdiction, and such claims should be DISMISSED without prejudice.

3. The Johnsons' Motions to Amend (Docket Nos. 25 and 75) and Motion to Continue Deadlines (Docket No. 67) be DENIED.

Dated: May 3, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.