**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

**RONALD RICHARD JOHNSON and DEE LUNDBERG JOHNSON,**

**Plaintiffs,**

**Case No. 00-CV-1281 (DWF/SRN)**

**vs.**

**REPORT AND RECOMMENDATION**

**CITY OF SHOREWOOD; CITY OF MINNETONKA; RILEY-PURGATORY-BLUFF CREEK WATERSHED DISTRICT; TRIVESCO, a partnership; and its partners ROBERT H. MASON, INC., a corporation; HIGHLAND PROPERTIES, INC., a corporation; and STEINER AND KOPPELMAN, INC., a corporation; HIGHLAND VILLA BUILDERS, INC., a corporation; the UNITED STATES; the CORPS OF ENGINEERS OF THE UNITED STATES; the Secretary of the United States Army in his/her official capacity, HONORABLE LOUIS CALDERA or his successor; and the Commander-in-Chief of the Corps of Engineers of the United States in his/her official capacity, LT. GENERAL JOSEPH N. BALLARD or his successor,**

**Defendants.**

---

This matter is before the undersigned United States Magistrate Judge upon motions of Defendant Riley-Purgatory-Bluff Creek Watershed District ("the District") and of Defendants Trivesco, Robert H. Mason, Inc., Highland Properties, Inc., and Steiner & Koppelman, Inc. (collectively "Trivesco") for summary judgment. These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (Docket No. 105).

The Court, in a Report and Recommendation dated May 3, 2001, dismissed a number of claims against other Defendants, and the reasoning underlying that result generally is applicable to the claims against the District and Trivesco as well. This discussion accordingly will focus on facts

FILED MAY 18 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and issues raised in the District's and Trivesco's motions that the Court did not address at length in the earlier Report and Recommendation.

Plaintiffs Ronald and Dee Johnson ("the Johnsons") claim that the District and Trivesco, along with the other Defendants, took actions contributing to flooding on the Johnsons' property since 1984. The District has regulatory jurisdiction over the watershed containing the Johnsons' property. In 1984, The District issued permits allowing the City of Shorewood to construct a ponding basin near the Johnsons' property, and that construction led to the flooding about which the Johnsons complain. The District in May 2000 also issued a permit authorizing the City of Shorewood to construct a bituminous trail near a road abutting the Johnsons' property. The District has not attempted to take title to any part of the Johnsons' property, and the record shows no District regulation constraining the Johnsons' use of their property other than a prohibition on building within the 100-year flood plain. In a 1993 case in Minnesota state court involving the Johnsons, the court specifically held that the District's prohibition on building did not constitute a regulatory taking compensable under the federal or state constitution.

Trivesco is a partnership involved in the Waterford property development in the City of Shorewood. Trivesco presently owns an outlot of that development, Outlot C, which borders the Johnsons' property. The Johnsons allege that Trivesco breached a contract to sell Outlot C to the Johnsons, imposed "secret" restrictive covenants on the development of Outlot C, and otherwise acted in such a way as to interfere unlawfully with the use of the Johnsons' property. The Johnsons also allege that Trivesco individually and in conjunction with other Defendants participated in planning decisions which ultimately led to the flooding of the Johnsons' property.

The Johnsons assert causes of action against the District and Trivesco pursuant to 42 U.S.C. §§ 1983 and 1985 and a number of state common law theories. The Court earlier held that the Johnsons had shown no actionable violation of federal civil rights laws with respect to various other Defendants, and the record for these motions compels the same conclusion. The Johnsons continue to rely extensively on City of Monterey v. Del Monte Dunes of Monterey, Ltd., 526 U.S. 687 (1999), and other regulatory takings cases, but the collateral estoppel effect of the state court judgment

forecloses any regulatory takings claims arising from the flooding of the Johnsons' property in 1984. Any subsequent takings, including takings resulting from increased flooding and takings related to the construction of the bituminous trail, are not ripe for federal adjudication because the Minnesota state courts have not denied those claims. McKenzie v. City of White Hall, 112 F.3d 313, 317 (8th Cir. 1997). Although the Johnsons insist that further state court litigation would be futile, the only argument they offer in support of that proposition is that they received no compensation in the earlier state court proceedings. The Johnsons have a right only to "just" compensation, however, and the Johnsons received no monetary award for the value of their land because a jury found that the taking had not reduced the value of the Johnsons' property. The Johnsons here have shown no reason to believe that they will not receive an adequate hearing on or just compensation for any later takings claimed in the Minnesota courts.

The Johnsons also have not shown any other violation of federal constitutional or statutory law sufficient to sustain a claim under 42 U.S.C. §§ 1983 and 1985. The record contains no evidence that either the District or Trivesco participated in a conspiracy to deprive the Johnsons of any federally protected right, as required for claims under § 1985 and, with respect to Trivesco, under § 1983. See Johnson v. Outbound Marine Corp., 172 F.3d 531, 536 (8th Cir. 1999) (holding that a party who is not a state actor cannot be subject to liability under § 1983 in the absence of a showing of that party's willful participation with a state actor in violating the plaintiff's rights). As indicated in the first Report and Recommendation, the Johnsons point to no specific facts establishing that the District's actions violated a federal due process standard or a federal equal protection standard. And, although the Johnsons argue for the first time in their motion papers that the Defendants violated their rights under various federal environmental laws, this record does not establish that the District or Trivesco violated any duty owed to the Johnsons under those laws.

The only potentially viable causes of action against the District and Trivesco, then, arise entirely under Minnesota law. Despite the lack of a federal question after disposition of the federal civil rights claims, both the District and Trivesco request that this Court exercise supplemental jurisdiction over the Johnsons' state law claims and enter judgment in favor of the District and

Trivesco on the merits. Given the posture of this case, however, concerns of comity outweigh a desire for judicial economy. The Johnsons' state law claims inevitably will lead to determinations of the validity of a state court judgment and of title to real property, both of which are matters more within the competence of the state than the federal courts. Furthermore, the Johnsons may attempt to assert their unripe takings claims in state court, which would involve the District and Trivesco regardless of whether the other state law claims against the District and Trivesco are dismissed. Judicial economy accordingly may be better served by dismissing all state law claims without prejudice and allowing the Johnsons to combine all remaining state law issues in a single proceeding.

Based on the foregoing, and on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

The District's Motion for Summary Judgment (Docket No. 97 ) and Trivesco's Motion for Summary Judgment (Docket No. 122 ) be GRANTED in part. All claims arising from the prior state court litigation are barred by collateral estoppel and should be DISMISSED with prejudice. All remaining claims against the District and Trivesco either are unripe or are supplemental state law claims over which the Court should decline to exercise jurisdiction, and such claims should be DISMISSED without prejudice.

Dated: May 18, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.