**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RONALD RICHARD JOHNSON and DEE LUNDBERG JOHNSON,

Plaintiffs,

v.

CITY OF SHOREWOOD, and its Mayor in his official capacity; CITY OF MINNETONKA, and its Mayor in her official capacity; RILEY-PURGATORY-BLUFF CREEK WATERSHED DISTRICT, and the Chair of its Board of Managers in his official capacity; TRIVESCO, a partnership, and its partners; ROBERT H. MASON, INC., a corporation; HIGHLAND PROPERTIES, INC., a corporation; STEINER & KOPPELMAN, INC., a corporation; HIGHLAND VILLA BUILDERS INC., a corporation; UNITED STATES OF AMERICA; CORPS OF ENGINEERS, being sued as the Corps of Engineers of the United States; THE HONORABLE LOUIS CALDERA, Secretary of the United States Army in his/her official capacity or his successor; and LT. GENERAL JOSEPH N. BALLARD, the Commander-in-Chief of the Corps of Engineers of the United States in his/her official capacity,

Defendants.

Civil No. 00-1281 (DWF/SRN)

**ORDER**

---

Erick G. Kaardal, Esq., Mohrman & Kaardal, 600 78th Street West, Suite 10, P.O. Box 154, Chanhassen, MN 55317, counsel for Plaintiffs.

George C. Hoff, Esq., and Kimberly B. Kozar, Esq., Hoff, Barry & Kuderer, 7901 Flying Cloud Drive, Suite 260, Eden Prairie, MN 55344, counsel for City of Shorewood, and its Mayor in his official capacity; James G. Golembeck, Esq., and Cara J. Debes, Esq., Jardine, Logan & O'Brien, 2100 Piper Jaffray Plaza, 444 Cedar Street, St. Paul, MN 55101-2179, counsel for Defendant City of Minnetonka, and its Mayor in her official capacity; Paul R. Haik, Esq., and Louis A. Haik, Esq., Krebsbach & Haik, 701 Fourth Avenue South, Suite 500, Minneapolis, MN 55415-1631, counsel for Defendant Riley-Purgatory-Bluff Creek Watershed District, and the Chair of its Board of Managers in his official capacity; Jeremy S. Steiner, Esq., and Wynn Curtiss, Esq., Vesely, Miller & Steiner, 400 Norwest Bank Building, 1011 First Street South, Hopkins, MN 55343, counsel for

FILED JUL 11 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED JUL 11 2001
DEPUTY CLERK'S INITIALS ______

Defendants Trivesco, a partnership and its partners, Robert H. Mason, Inc., a corporation, and Steiner & Koppelman, Inc., a corporation; Catherine F. Haukedahl, Esq., Robert L. Bach, Esq., and Christopher S. Hayhoe, Esq., Felhaber, Larson, Fenlon & Vogt, 4200 First Bank Place, 601 Second Avenue South, Minneapolis, MN 55402-4302, counsel for Defendants Highland Properties, Inc., a corporation, and Highland Villa Builders Inc., a corporation; Jerome B. Abrams, Esq., Lisa M. Lamm, Esq., Abrams & Smith, 625 Marquette Avenue, Suite 700, Minneapolis, MN 55402, counsel for Defendant Steiner & Koppelman, Inc., a corporation; and Patricia R. Cangemi, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Defendants United States of America, Corps of Engineers, being sued as the Corps of Engineers of the United States, The Honorable Louis Cladera, Secretary of the United States Army in his/her official capacity or his successor, and Lt. General Joseph N. Ballard, the Commander-in-Chief of the Corps of Engineers of the United States in his/her official capacity.

---

This matter is before the Court upon Plaintiffs' objections to two Reports and Recommendations of Magistrate Judge Susan Richard Nelson. The first Report and Recommendation, dated May 3, 2001, recommends that the Federal Defendants' Motion to Dismiss or for Summary Judgment (Doc. No. 20) be granted; that all claims against the Federal Defendants, with the exception of claims under the Freedom of Information Act, be dismissed without prejudice for lack of jurisdiction, which lies exclusively in the United States Court of Federal Claims; that the Freedom of Information Act claim be dismissed with prejudice based upon the applicable statue of limitations; that the City of Shorewood's Motion for Summary Judgment (Doc. No. 57) and the City of Minnetonka's Motion for Summary Judgment (Doc. No. 46) be granted in part; that all claims arising from the prior state court litigation be barred by collateral estoppel and be dismissed with prejudice; that all remaining claims against the City of Shorewood and the City of Minnetonka either are unripe or are supplemental state law claims over which the Court should decline to exercise jurisdiction, and that, therefore, such claims be dismissed without prejudice; and finally, that the Plaintiffs' Motions to Amend (Doc. Nos. 25 and 75) and Motion to Continue Deadlines (Doc. No. 67) be denied. The Defendants support the recommendations of the Report and Recommendation

of May 3, 2001. The Plaintiffs object in all respects to the Report and Recommendation of May 3, 2001.

Magistrate Judge Nelson's Report and Recommendation dated May 18, 2001, recommends that Defendant Riley-Purgatory-Bluff Creek Watershed District's ("the District") Motion for Summary Judgment (Doc. No. 97) and Defendants Trivesco, Robert H. Mason, Inc., Highland Properties, Inc., and Steiner & Koppelman, Inc.'s (collectively "Trivesco") Motion for Summary Judgment (Doc. No. 122) be granted in part; that all claims arising from the prior state court litigation be barred by collateral estoppel and be dismissed with prejudice; that all remaining claims against the District and Trivesco either are unripe or are supplemental state law claims over which the Court should decline to exercise jurisdiction and, therefore, such claims be dismissed without prejudice. The Defendants support the Report and Recommendation of May 18, 2001. The Plaintiffs object in all respects to the Report and Recommendation of May 18, 2001.

There are two standards for a district court's review of the order of a magistrate judge. A nondispositive order may only be reversed if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(a): Fed. R. Civ. P. 72(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). Conversely, if the order concerns a dispositive motion, the district court must review the magistrate judge's decision *de novo* and "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(a). A motion is dispositive if it removes a claim or defense from the litigation. *Id.*; *Vega v. Univ. of N.Y.*, 67 F. Supp. 2d 324, 334 (S.D.N.Y. 1999).

With respect to all of the recommendations of Magistrate Judge Nelson, except for the recommendation that the Plaintiffs' Motions to Amend and Motion to Continue Deadlines be denied,

the Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). With respect to Magistrate Judge Nelson's recommendation in the Report and Recommendation of May 3, 2001, to deny Plaintiffs' Motions to Amend and to deny Plaintiffs' Motion to Continue Deadlines, the Court must modify or set aside any portion of the Magistrate's order, nondispositive in nature, found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2).

Based upon the Court's review of the record, the Court having reviewed the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby adopts the Reports and Recommendations of Magistrate Judge Nelson of May 3, 2001, and May 18, 2001.

Accordingly, **IT IS HEREBY ORDERED**:

**MAY 3, 2001, REPORT AND RECOMMENDATION**

1. The Federal Defendants' Motion to Dismiss or for Summary Judgment (Doc. No. 20) is **GRANTED**. All claims against the Federal Defendants with the exception of claims under the Freedom of Information Act are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, which lies exclusively in the United States Court of Federal Claims. Further, the Freedom of Information Act claim is **DISMISSED WITH PREJUDICE** based on the applicable statue of limitations.

2. The City of Shorewood's Motion for Summary Judgment (Doc. No. 57) and the City of Minnetonka's Motion for Summary Judgment (Doc. No. 46) are **GRANTED** in part. All claims arising from the prior state court litigation are barred by collateral estoppel and are **DISMISSED WITH PREJUDICE**. All remaining claims against the City of Shorewood and the City of

Minnetonka either are unripe or are supplemental state law claims over which the Court declines to exercise jurisdiction and, therefore, such claims are **DISMISSED WITHOUT PREJUDICE**.

3. Magistrate Judge Susan Richard Nelson's order of May 3, 2001, denying Plaintiffs' Motions to Amend (Doc. Nos. 25 and 27) and denying Plaintiffs' Motion to Continue Deadlines (Doc. No. 67) is **AFFIRMED**. Plaintiffs' objections and appeal of that portion of the May 3, 2001, Report and Recommendation is **DISMISSED**. Alternatively, Plaintiffs' Motions to Amend and Motion to Continue Deadlines are **DENIED**.

**MAY 18, 2001, REPORT AND RECOMMENDATION**

4. The District's Motion for Summary Judgment (Doc. No. 97) and Trivesco's Motion for Summary Judgment (Doc. No. 122) are **GRANTED** in part. All claims arising from the prior state court litigation are barred by collateral estoppel and are **DISMISSED WITH PREJUDICE**. All remaining claims against the District and Trivesco either are unripe or are supplemental state law claims over which the Court declines to exercise jurisdiction, and such claims are therefore **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 11, 2001

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUL 11 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995