**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

**RONALD RICHARD JOHNSON and DEE LUNDBERG JOHNSON,**

**Plaintiffs,**

**vs.**

**CITY OF SHOREWOOD; CITY OF MINNETONKA; RILEY-PURGATORY-BLUFF CREEK WATERSHED DISTRICT; TRIVESCO, a partnership; and its partners ROBERT H. MASON, INC., a corporation; HIGHLAND PROPERTIES, INC., a corporation; and STEINER AND KOPPELMAN, INC., a corporation; HIGHLAND VILLA BUILDERS, INC., a corporation; the UNITED STATES; the CORPS OF ENGINEERS OF THE UNITED STATES; the Secretary of the United States Army in his/her official capacity, HONORABLE LOUIS CALDERA or his successor; and the Commander-in-Chief of the Corps of Engineers of the United States in his/her official capacity, LT. GENERAL JOSEPH N. BALLARD or his successor,**

**Defendants.**

**Case No. 00-CV-1281 (DWF/SRN)**

**REPORT AND RECOMMENDATION**

---

This matter is before the Court upon motion of Defendants Highland Properties, Inc., and Highland Villa Builders, Inc. (collectively "the Highland Defendants") to dismiss all claims against them or in the alternative for summary judgment. Because the parties have submitted materials outside the pleadings in connection with this motion, the Court will treat the motion as one for summary judgment. Fed.R.Civ.P. 12(b).

Plaintiffs Ronald and Dee Johnson ("the Johnsons") claim in essence that a number of governmental and private entities acted together to deprive the Johnsons of rights guaranteed under federal law, particularly their right to just compensation for a taking of property. The Johnsons

FILED AUG 03 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

allege that the Highland Defendants participated in developing property near the Johnsons' property and that in so doing the Highland Defendants contributed to flooding on the Johnsons' property. In two earlier Reports and Recommendations, this Court held that the claims against all Defendants other than the Highland Defendants should be dismissed on jurisdictional or procedural grounds. The District Court adopted those Reports and Recommendations by order dated July 11, 2001. The reasoning of the earlier Reports and Recommendations applies with equal force to the claims against the Highland Defendants. The Johnsons have not shown that the Highland Defendants violated either 28 U.S.C. § 1983 or 28 U.S.C. § 1985. The Johnsons' remaining claims against the Highland Defendants either are barred by collateral estoppel, are unripe, or are supplemental state law claims over which this Court should decline to exercise jurisdiction.

The Johnsons raise two additional issues warranting brief consideration. First, the Johnsons assert in their motion papers that the Highland Defendants and others violated federal environmental laws and regulations. These allegations have no bearing upon the present motion, however, because they do not appear in the Johnsons' Complaint as amended, and this record in any case contains no evidence of such violations other than conclusory statements in the Johnsons' affidavits. Finally, at oral argument counsel for the Johnsons expressed concern about an ambiguity in the District Court's order adopting the earlier Reports and Recommendations. The Court has reviewed the District Court's order, which seems to adopt the Reports and Recommendations in their entirety, and has found no ambiguity requiring clarification.

Based on the foregoing, and on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The Highland Defendants' Motion for Summary Judgment be GRANTED in part. All claims arising from the prior state court litigation are barred by collateral estoppel and should be DISMISSED with prejudice. All remaining claims against the Highland Defendants either are unripe or are supplemental state law claims over which the Court should decline to exercise jurisdiction, and such claims should be DISMISSED without prejudice.

Dated: August 3, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500