**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Ronald Richard Johnson and Dee Lundberg Johnson,

Plaintiffs,

v.

City of Shorewood, and its Mayor in his official capacity; City of Minnetonka, and its Mayor in her official capacity; Riley-Purgatory-Bluff Creek Watershed District, and the Chair of its Board of Managers in his official capacity; Trivesco, a partnership, and its partners; Robert H. Mason, Inc., a corporation; Steiner & Koppelman, Inc., a corporation; United States of America; Corps of Engineers, being sued as the Corps of Engineers of the United States; The Honorable Louis Caldera, Secretary of the United States Army in his/her official capacity or his successor; Lt. General Joseph N. Ballard, the Commander-in-Chief of the Corps of Engineers of the United States in his/her official capacity,

Defendants.

Civil No. 00-1281 (DWF/SRN)

**ORDER**

---

Erick G. Kaardal, Esq., Mohrman & Kaardal, 33 Sixth Street South, Suite 4100, Minneapolis, MN 55402, counsel for Plaintiffs.

Ronald R. Johnson, *Pro Se*, 5355 Shady Hills Circle, Shorewood, MN 55331, Plaintiff.

Dee L. Johnson, *Pro Se*, 5355 Shady Hills Circle, Shorewood, MN 55331, Plaintiff.

George C. Hoff, Esq., and Kimberly B. Kozar, Esq., Hoff Barry & Kuderer, 775 Prairie Center Drive, Suite 160, Eden Prairie, MN 55344, counsel for Defendant City of Shorewood.

James G. Golembeck, Esq., Jardine Logan & O'Brien, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042-2179 and Cara J. Debes, Esq., 1193 West Como Boulevard, St. Paul, MN 55103, counsel for Defendant City of Minnetonka.

OCT 0 7 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Paul R. Haik, Esq., and Louis A. Haik, Esq., Krebsbach & Haik, 701 Fourth Avenue South, Suite 500, Minneapolis, MN 55415-1631, counsel for Defendant Riley-Purgatory-Bluff Creek Watershed District.

Jeremy S. Steiner, Esq., and Wynn Curtiss, Esq., Miller Steiner & Curtiss, 400 Wells Fargo Bank Building, 1011 First Street South, Hopkins, MN 55343, counsel for Defendants Trivesco and Robert H. Mason, Inc.

Jerome B. Abrams, Esq., and Lisa M. Lamm, Esq., Abrams & Smith, 220 South Sixth Street, 12th Floor, Minneapolis, MN 55402, counsel for Defendant Steiner & Koppelman, Inc.

Patricia R. Cangemi, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Defendants United States of America, Corps of Engineers, the Honorable Louis Caldera, and Lt. General, Joseph N. Ballard.

---

This matter is before the Court upon Plaintiff's objections to Magistrate Judge Susan Richard Nelson's order dated August 21, 2002, in which Magistrate Judge Nelson declines to recommend vacating either the Court's order of July 11, 2001, or the Court's order of October 10, 2001.

The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record, the Court having reviewed the arguments and submissions of the parties, including the procedural history of the file, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Susan Richard Nelson's Report and Recommendation dated August 21, 2002 (Doc. No. 185), is **ADOPTED**.

2. Plaintiff's motion requesting that this Court vacate its July 11, 2001, order and its October 10, 2001, order is respectfully **DENIED**.

Dated: October 7, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The Court allowed the Plaintiffs to supplement the record with two additional affidavits, which Plaintiffs asserted were responsive to Defendants' summary judgment motions in the above-entitled matter. The Court agreed to consider these documents and determine whether it would be necessary to vacate the Court's orders of July 11, 2001, and October 10, 2001. The Court has considered these documents in the context of the motions for summary judgment, as well as the procedural history of the file, and the entire record before the Court.

Based upon the record before the Court, the Court has concluded that neither the Rules of Federal Civil Procedure, the applicable law, nor the interests of justice require the Court to vacate the order of July 11, 2001, or its order of October 10, 2001.

D.W.F.