**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Ronald Richard Johnson and
Dee Lundberg Johnson,

Plaintiffs,

v.

City of Shorewood, and its Mayor in his official capacity; City of Minnetonka, and its Mayor in her official capacity; Riley-Purgatory-Bluff Creek Watershed District, and the Chair of its Board of Managers in his official capacity; Trivesco, a partnership, and its partners; Robert H. Mason, Inc., a corporation; Steiner & Koppelman, Inc., a corporation; United States of America; Corps of Engineers, being sued as the Corps of Engineers of the United States; The Honorable Louis Caldera, Secretary of the United States Army in his/her official capacity or his successor; and Lt. General Joseph N. Ballard, the Commander-in-Chief of the Corps of Engineers of the United States in his/her official capacity,

Defendants.

Civil No. 00-1281 (DWF/SRN)

**ORDER**

---

Erick G. Kaardal, Esq., Mohrman & Kaardal, 33 Sixth Street South, Suite 4100, Minneapolis, MN 55402; counsel for Plaintiffs. Ronald Richard Johnson, *Pro Se*, 5355 Shady Hills Circle, Shorewood, MN 55331, Plaintiff. Dee Lundberg Johnson, *Pro Se*, 5355 Shady Hills Circle, Shorewood, MN 55331, Plaintiff.

George C. Hoff, Esq., and Kimberly B. Kozar, Esq., Hoff Barry & Kuderer, 775 Prairie Center Drive, Suite 160, Eden Prairie, MN 55344, counsel for Defendant City of Shorewood; James G. Golembeck, Esq., Jardine Logan & O'Brien, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042-2179, counsel for Defendant City of Minnetonka; Paul R. Haik, Esq., and Louis A. Haik, Esq., Krebsbach & Haik, 701 Fourth Avenue South, Suite 500, Minneapolis, MN 55415-1631, counsel for Defendant Riley-Purgatory-Bluff Creek Watershed District; Jeremy S. Steiner, Esq., and Wynn Curtiss, Esq., Miller Steiner & Curtiss, 400 Wells Fargo Bank Building, 1011 First Street South, Hopkins, MN 55343, counsel for Defendants Trivesco and Robert H. Mason, Inc.; Jerome B. Abrams, Esq., and Lisa M. Lamm, Esq., Abrams & Smith, 220 South Sixth Street, 12th Floor, Minneapolis, MN 55402, counsel for Defendant Steiner & Koppelman, Inc.; Patricia R. Cangemi,

FILED MAR 13 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Defendants United States of America, Corps of Engineers, The Honorable Louis Caldera, and Lt. General Joseph N. Ballard.

---

This matter is before the Court upon Plaintiffs' request for leave of the Court, pursuant to Local Rule 7.1(g) to file a motion for reconsideration of the Court's order of October 7, 2002, in which the Court denied Plaintiffs' motion to vacate the order of July 11, 2001, and the order of October 7, 2002, in which the Court denied Plaintiffs' motion to vacate the order of July 11, 2001, and the order of October 10, 2001. The order of February 10, 2003, simply directed the Clerk of Court to enter judgment in the above-entitled matter to clarify the procedural status of the case, namely, that no further matters were pending before the Court. In fact, judgment had already been entered on the July 11, 2001, order.

Based upon the record before the Court, including the submissions of the Plaintiffs; the Court having duly evaluated and reviewed the submissions of the Plaintiffs, including the procedural history of the file; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff's request to file a motion for reconsideration (Doc. No. 202) is respectfully **DENIED**.

Dated: March 13, 2003

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The Court entered an order on July 11, 2001, and entered judgment accordingly. The Court entered subsequent orders on October 10, 2001, and October 7, 2002. In the order of October 7, 2002, the Court allowed the Plaintiffs to supplement the record with two additional affidavits. The Court then considered the new documents in the context of the earlier motions for summary judgment addressed in the Court's order of July 11, 2001, and October 10, 2001, and then declined to vacate the order of July 11, 2001, and the order of October 10, 2001. The order of February 10, 2003, simply clarified the procedural status of the case by documenting that no further matters were pending before the Court and directed the Clerk of Court to enter judgment in the case to the extent, if any, the Clerk of Court had not done so.

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(g); *Transclean Corp. v. Bridgewood Services, Inc.*, 134 F. Supp. 2d 1049 (D. Minn. 2001). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale and Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F. Supp. 1346 (D. Minn. 1993).

The Court has reviewed the long and complicated procedural history of this file. The Court finds and concludes that the Plaintiffs have not shown the compelling circumstances necessary to justify their request. Because the Plaintiffs have not shown compelling or extraordinary

circumstances as required by Local Rule 7.1(g), the Court has denied Plaintiffs' request to file a motion to reconsider.

D.W.F.